

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXIIXXXXIIXXXXX~~
ATTORNEY GENERAL

Honorable Frank R. Murray
County Attorney
Carson County
Panhandle, Texas

Dear Sir:                          Opinion No. O-1304
                                   Re: Should a sheriff who is compensated on a
                                       fee basis be paid 4¢ per mile for the use
                                       of his car on official business?

Your request for an opinion on the above stated question has been received
by this department.

Your request for an opinion on the above mentioned question refers to our
opinion No. O-900. That opinion holds that a sheriff who receives a
salary as compensation for his services should be paid the sum of four
(4¢) cents for each mile traveled by automobile in the discharge of official
business where the automobile is owned by the sheriff. We enclose a copy
of this opinion for your convenience.

Section a of Article 3899, Vernon's Civil Statutes reads as follows:

> "At the close of each month of his tenure of office each officer named
> herein who is compensated on a fee basis shall make as part of the
> report now required by law, an itemized and sworn statement of all
> the actual and necessary expenses incurred by him in the conduct of
> his office, such as stationery, stamps, telephone premiums on official
> bonds, including the cost of surety bonds for his deputies, premium
> on fire, burglary, theft, robbery insurance  protecting public funds,
> traveling expenses and other necessary expenses. The Commissioners'
> Court of the county of the sheriff's residence may, upon the written
> and sworn application of the sheriff stating the necessity therefor,
> purchase equipment for a Bureau of Criminal Idenification such as
> cameras, fingerprint cards, inks, chemicals, microscopes, radio and
> laboratory equipment, filing cards, filing cabinets, tear gas and
> other equipment in keeping with the system in use by the Department
> of Public Safety of this State or the United States Department of
> Justice and/or Bureau of Criminal Identification. If such expenses
> be incurred in connection with any particular case, such statement
> shall name such case. Such expense account shall be
> subject to the audit of the County Auditor, if any, otherwise by
> the Commissioners' Court; and if it appears that any item of such
> expense was not incurred by such officer or such item was not a

necessary expense of office, such item shall be by such auditor or court rejected, in which case the collections of such item may be adjudicated in any court of competent jurisdiction.  The amount of salaries paid to Assistants and Deputies shall also be clearly shown by such officer, giving the name, position and amount paid each; and in no event shall any officer show any greater amount than actually paid any such Assistant or Deputy.  The amount of such expenses, together with the amount of salaries paid to Assistants, Deputies and Clerks shall be paid out of the fees earned by such officer.  The Commissioners' Court of the county of the sheriff's residence may, upon the written and sworn application  of the Sheriff stating the necessity therefor, allow one or more  automobiles to be used by the Sheriff in the discharge of his official duties, which, if purchased by the County, shall be bought in the manner prescribed by law for the purchase of supplies and paid for out of the General Fund of the county and they shall be and remain the property of the county.  The expense of maintenance, depreciation and operation of such automobiles as may be allowed, whether purchased by the county or owned by the Sheriff or his Deputies personally, shall be paid for by the Sheriff and the amount thereof shall be reported by the Sheriff, on the report above mentioned, in the same manner as herein provided for other expenses."

Section b of Article 3899, supra, which provides that where the automobile or automobiles are owned by the sheriff or his deputies, they shall be allowed four (4¢) cents for each mile traveled in the discharge of official business, which sum shall cover all expenses of the maintenance, depreciation and operation of such automobiles applies only to the sheriffs who receive salaries as compensation for their services and does not apply to sheriffs who are compensated on a fee basis.  Section a of Article 3899, supra, provides for the actual and necessary traveling expenses of sheriffs who are compensated on a fee basis and further provides that such expenses shall be paid out of the fees earned by such officer.

In view of the foregoing statutes you are respectfully advised that it is the opinion of this department that Section b of Article 3899 does not apply to a sheriff who is compensated on a fee basis, and that such sheriff is not entitled to four (4¢) cents per mile for the use of his car on official business.

Trusting that the foregoing fully answers your inquiry, we remain.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED  OCT. 20, 1939
s/ GERALD C. MANN          s/ Ardell Williams
ATTORNEY GENERAL OF TEXAS
APPROVED OPINION
COMMITTEE                  By
BY B. W. B.                   Ardell Williams
CHAIRMAN                        Assistant

AW:jm